20MAG 2292

ORIGINAL

Approved: _____
MATHEW ANDREWS
Assistant United States Attorney

Before: THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA       :   **SEALED COMPLAINT**

           - v. -               :   Violation of 18 U.S.C.
                                    § 922(g)(1)
JEYSON DISLA,                   :
                                    COUNTY OF OFFENSE:
           Defendant.           :   MANHATTAN

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

NICHOLAS SHAFER, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and charges as follows:

COUNT ONE

1. On or about February 26, 2020, in the Southern District of New York, JEYSON DISLA, the defendant, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, knowingly did possess in and affecting commerce ammunition, to wit, a live 9mm caliber bullet and a spent 9mm caliber shell casing, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my

examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. In the course of this investigation, I have spoken with a New York Police Department ("NYPD") Detective ("Detective-1"), who has reviewed surveillance footage from the vicinity of 105-109 Post Avenue in Manhattan, New York. Based on Detective-1's description of the surveillance footage, I have learned, in sum and substance, the following facts, among others:

a. On or about February 26, 2020 at approximately 10:48pm, an individual, later identified by a witness as JEYSON DISLA, the defendant, exited 109 Post Avenue with an unidentified male and female. DISLA and his companions walked through a courtyard area toward a gate to the street (the "Gate Area").

b. Several individuals were in the vicinity of the Gate Area. As DISLA and his companions approached, two males ("Male-1" and "Male-2") drew firearms.

c. DISLA drew a firearm and fired his weapon. He and his companions then ran back to 109 Post Avenue. While running up the first flight of stairs in the building (the "Stairway Area"), DISLA appears to "rack" a firearm.[1] He and his companions then ran to the second floor and out of view of surveillance cameras.

d. About the same time, Male-1 and Male-2 fled to 105 Post Avenue. They then exited 105 Post Avenue approximately a minute later, ran to the rear of the building, and hopped a fence to an alleyway.

---

[1] Based on my training and experience, I know that the process of "racking" a firearm involves pulling the slide of the firearm back and letting it snap forward. The process ejects any round that is in the chamber (even if it has not been fired) and replaces it with a new round.

4. In the course of this investigation, I have spoken with a second detective from the NYPD ("Detective-2") about his conversations with NYPD officers who responded to the scene. Based on my conversations with Detective-2, I have learned, among other things, that shortly after the above-described events, several NYPD officers responded to the area of 105-109 Post Avenue. The officers canvased the Gate Area and recovered a spent 9mm caliber bullet casing. The officers then canvassed the Stairway Area and recovered a live 9mm caliber bullet.

5. I further have spoken to Detective-2 about his interview of a witness ("Witness-1"). Based on my conversations with Detective-1, I have learned, among other things, the following:

    a. Witness-1 stated, in sum and substance, that Witness-1 saw a male, who Witness-1 knew as "Jeyson," chasing an unidentified male in the vicinity of the Gate Area. Witness-1 saw Jeyson with a firearm and heard shooting. Detective-2 showed Witness-1 a mug shot of JEYSON DISLA, the defendant, and asked if Witness-1 recognized the individual in the photo. Witness-1 stated that Witness-1 did and that the individual was "Jeyson."

    b. Detective-2 returned to the vicinity of 105-109 Post Avenue after conducting the interviews. Detective-2 was joined by Detective-1 and another NYPD detective ("Detective-3"). Detective-1, Detective-2, and Detective-3 went to the rear of 105 Post Avenue (where Male-1 and Male-2 had fled), canvassed the area, and recovered .38 caliber revolver with three live .38 caliber cartridges in the chamber.

6. I additionally have spoken to Detective-2 about reports prepared by the NYPD. Based on my conversations with Detective-2, I have learned, among other things, that JEYSON DISLA, the defendant, has self-reported that his place of residence is Apartment 2B of 109 Post Avenue during processing for approximately 6 arrests between 2015 and 2018. Based on my personal participation in this investigation, I know that Apartment 2B is located on the second floor of 109 Post Avenue.

7. Based on my communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms, I know that the spent 9mm caliber casing and the 9mm caliber ammunition recovered from the Gate Area and the Stairway Area were not manufactured in New York State.

8.  I have reviewed criminal history records pertaining to JEYSON DISLA, the defendant, which show that DISLA has previously been convicted of an offense punishable by imprisonment for more than one year, to wit, a conviction in or about January 2017, in New York County Supreme Court of Criminal Sale of Controlled Substance in the 3rd Degree, in violation of New York Penal Law § 220.39, a felony.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of JEYSON DISLA, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
NICHOLAS SHAFER
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me this
27th day of February, 2020

_____
THE HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4